E-FILED
Tuesday, 31 March, 2020  11:00:50 AM
Clerk, U.S. District Court, ILCD

In the united states District
Court for the central District of Illinois

Dakir Pickens

V.

Diane Marlin, Rachel fullen,
Sherief Dustin Heuerman,
Lt. Ryan snyder, Lt. Robect
cravens, Diane wallace,
Celeste Bledgett, Brenda
Spaulding, Captain K. voges
(368), Ofc. J. Bergner(309)
, Sgt. J. Jones(364), Ofc.
M. Mcmahen(319), Ofc.
Pettinger(324), The
City of urbana
(Defendant in the individual and
official capacity)

**FILED**

MAR 3 0 2020

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

Complaint

Civil action No. _____

Jury trial Demanded

## I. Complaint

Plaintiff, Dakir Pickens, Prose, For their complaint state as Follows:

## II. parties, Jurisdiction and venue

1. plaintiff, Dakir Pickens, was confined as a Pretrial detainee in the champaign county correctional center located at 204 E. Main st. urbana IL 61801 from 10-13-19 _____ as a Pretrial detainee. plaintiff is currently confined at 204 E. Main st. urbana IL 61801 as a Pretrial detainee.

2. plaintiff Dakir Pickens, is, and was at all time mentioned herein a adult citizen of the united states and a resident of the state of Illinois.

3 Defendant Diane Marlin was at all relevant times herein mayor of the city of urbana.

1

4. Defendant Rachel fullen was at all relevant times herein the commissioner of adult services for the city of urbana, with the responsibility for for operating and maintaining detention, penal and corrective institutions within the city of urbana including the city Jail.

5. Defendant captain K. voyes (368) is and was at all relevant times herein warden or "superintendant" of the municipal Jail for the city of ubana. As the superintendent of the Jail Defendant manages its day to day operations and executes its policies.

6. Defendant Dustin Heuerman is and was at all time relevant time herein sheriff of champaign county. as sheriff all inmates held in champaign Jail are in his custody.

2

7. Defendant Lt. Ryan Snyder is and was at all relevant times herein an employee at the Champaign county correctional center. Ryan Snyder is employed as lieutenant of operational security.

8. Defendant Lt. Robert Cravens is and was at all relevant times herein an employee at the champaign county correctional center. Robert Cravens is employed as lieutenant of support services.

9. Defendant Diane Wallace is and was at all relevant times herein an employee at the champaign county correctional center. Diane Wallace is employed as director of food services.

10. Defendant celest Blodgett is and was at all relevant times herein an employee at the champaign county correctional center. celeste Blodgett is employed as program coordinator.

11. Defendant Brenda Spaulding is and was at all relevant times herein an employee at the Champaign county correctional correctional center. Brenda Spaulding is employed as the clinical coordinator.

12. Ofc. J. Burgner (309) is and was at all relevant times herein employed as a guard at the champaign correctional center.

13. Sgt J. Jones (364) is and was at all relevant times herein employed as a sargent at the champaign county correctional center.

14. Ofc. M. Mcmahon (319) is and was at all relevant times herein employed as a guard at the champaign county correctional center.

15 Ofc Pettinger (324) is and was at all relevant times herein employed as a guard at the Champaign correctional center.

16. Defendant city of urbana is and was at all relev- ant times herein a municipal corporation of the State of Illinas.

17. This action arises under and is brought pursuant to 42 U.S.C 1983 to remedy the deprivatio, under color of state law, of rights guaranteed by the First, Fifth, Eighth and Fourteenth amendments to the united states constitution, the has Jurisd- iction sections 1331 and 1343

18. Plaintiff's claim for punitive and compensatory relief authorized by Rule 65 of the Federal rules of Civil Procedure

19. This cause of action arose in the central District of Illinois. Therefore, venue is proper under u.s.c Section 1391 (b).

5

20. III. Previous Lawsuits by Plaintiff

Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

21. IV. Exhaustion of Administrative remedies

Plaintiff has exhausted all administrative remedies available to him by filing grievances. Plaintiff has included copies of his grievances. Some of the Plaintiff's grievances were lost or misplaced by staff. Plaintiff has included all of his grievances with this complaint.

22. V. Statement of claim

At all relevant times herein Defendant were "Persons" for purpose of 42 U.S.C Section A83 and acted under color of law to deprive Plaintiff of his consitutional rights, as set forth more fully below.

6

23. VI    Statement of facts

24. On the date of 10-18-19 Plaintiff was assigned to
    cell K-3 of the champaign county correctional center
    located at 204 E. main st. Urbana IL 61801, From
    10-18-19-_____, Plaintiff was a Pretrial detainee
    and was assigned to cell K-3 of the champaign
    county correctional center.

25. The champaign county Jail lacked basic
    heccessities.

26. The Jail had a vermin infestation the entirity
    of the Plaintiffs time there.

27 An Exerminator did visit the Jail on occasion, but
   only the common areas were sprayed, roaches
   and other vermin simply moved into indivisual
   cells. Once the fumes cleared, the vermin
   retucrned unharmed to again infest the
   entire Jail.

7

28. Inadequate lighting in the cells made reading for more than a few minutes at a time extremely difficult and nearly impossible

29. On the Date of 1-24-20 while being held as a Pretrial detainee Plaintiff was denied access to clean water by Sgt Jones (361) needed for drinking maintaining good hygiene, on the Date of 1-23-20 the Jail maintenance man turned off the water which allowed water to be available from the sink in the day room area. Becuase inmates are locked out of their cells for majority of the day the dayroom sink is essential for providing inmates with clean drinking water as well as means to maintain good hygiene Plaintiff was subject to crulety for over two weeks.

30. The champaign county correctional center has inadequate fire saftey and prevention guidlines in place.

31. on the date of 1-15-20 the Plaintiff filed a grievance pertaining to the vermin infestation since 10-18-19.

32. champaign county sheriff Dustin Heuerman had custody of the Plaintiff the entre time Plaintiff was incarcerated in champaign county Jail. Dustin Heuerman was aware of the unsafe conditions and lack of adequate medical care and was actively and knowling remaining deliberately indifferent to conditions of confinement that were sure or likely to cause serious harm or needless suffering to inmates in his custody.

33. Throughout the Plaintiffs entire incarceration a champaign county Jail air quality was very poor and caused the Plaintiff irreversable Damages.

9

34. Throughout the Plaintiffs entire incarceration at CCCC From 10-18-19 to _____, Plaintiff was a Pretrial detainee and was subject to institutionalized sleep deprivation tactics employed by staff at cccc while incarcerated as a detainee at CCCC, Plaintiff was locked down at 10:30 P.m. lockdown is the only time razors are available to inmates so inmates have to shave after lockdown and return the razor to correctional staff. Plaintiff would go to sleep at around 12:00. Breakfast is served at around 5am. and inmates have to eat breakfast as soon as it arrives or else it is considered contraband and discarded. inmates are taken off lockdown at 8:00 am., cleaning supplies are available from 8:00-8:30 a.m and inmates are locked out of their cell a 4:30

10

So inmates were only able to sleep from 12:00 a.m. - 5:00 a.m. everyday. Although these conditions may not be intended to punish neccessarily, they have the the same effect as intentional sleep deprivation tactics and caused the Plaintiff uneccessary pain and suffering Plaintiffs Request for more time to sleep was denied by correctional staff.

35. While in custody of CCCC Plaintiff was denied outdoor recreation for a period of over three months as a result of this Plaintiffs muscles began to atrophy severely threatning his overall health and wellness Plaintiff informed officer Burgner (309) that he had not been outside in over three months and was denied outdoor recreation with no evidence of inclement weather conditions.

11

36. The Champaign County Correctional Center has a flawed grievance procedure. there is no established time limit for when staff should respond to inmate grievances making it hard and nearly impossible for inmates to exhaust administrative remedies. Because Staff could take months to respond or simply not respond. Because there is no mandated response time. Such behavior makes it impossible for administrative remedies to be exhasted.

37. Fumes unknown to the plaintiff coming through the ventilation system, Caused the Plaintiff chest Pain and light headedness when informing staff he was simply told that maintenance was doing work upstairs.

17.

38. On the date of 1-30-20 Plaintiff wrote a grievane complainig about a incident in which he was denied access to drinking water by Sgt J. Jones (364), even though this was a serious incident concerning staff conduct it was never Responded to.

39. On the date of 1-15-20 Plaintiff wrote a grievance reporting a mouse in his assigned cell. Even though the Plaintiff gave specific details of incidents and damage the vermin problem caused him he was never responded to nor was his complaint relieved

13

40. On the date of 3-17-20 Plaintiff wrote a grievance pertaining to a incident in which A officer gave him the wrong medication resulting in him experien--cing several migranes and Dizzieness when telling correctional officers about the situation on the morning of 3-18-20 his complaint was disregarded. Plaintiff wrote a grievance shortly after, upon Response of the grievance he was told by brenda spaulding Clinical coordinator that "it is the patients Responsibility to inspect medication before consuming". Plaintiff appealed the stating that he would not have to take any special Precautions if his medication was administered by a nurse or trained physician and not a correctional officer and explaining what problems it could cause considering they were Psyche medication, this is just one example of Inadequate medical care of champaig county correctional center.

41. On the date of 3-16-20 Plaintiff filed a grievance about not being able to recieve a legal manila envelope as a indigant inmate. In the grievance Plaintiff state that his right of meaningful access to court was being violated, the Plaintiff recieved a response to his grievane from celest Blodgett suggesting options that did not remedy his problem after countless attemps obtaining a legal manila envelope neccessary for legal needs. Plaintiff was forced to do things like trade food and other items neccessary in foregoing his legal work. Plaintiff was told that a manila envelope would not be issued to him.

42. on the date of 3-9-20 the Plaintiff wrote a grievance requesting for maintenace to check the ventilation system of the CCCC. Plaintiffs request was never relieved nor did he ever get a response until staff became aware

of the civil action the Plaintiff was willing to take by unlawfully reading his legal mail he was attempting to send to the federal court house.

43. After the Plaintiff was told that he would not be issued a manila envelope for legal matters on behalf of indigancy by Celest Blodgett, the Plaintiff Attempted to send out a used manila envelope for legal matters in which he had to trade food to acquire. on the date of 3-17-20 Plaintiff attempted to send out the used manila envelope by giving it to deputy hesselman upon the officers return he gave the Plaintiff back the used manila envelope stating that his indigant status would not cover the Postal fee. documents inside the envelope were bent and tampered with this is another example of misconduct that occurs at the ccsc.

44. On the date of 3-20-20 Plaintiff put in a health care request slip requesting medical attention to a infected tooth. Plaintiff also made verbal complaints to correctional officers asking if he could possibly be given some type of pain reliever. Plaintiff was told by correctional officers that they could not give him any type of medicine. On the following morning of 3-21-20 the Plaintiffs gums begun to swell, he then put in another healthcare request slip stating that his mouth was sore and that he was in pain at this time the Plaintiff had still not recieved any pain reliever for the pain he was in. the Plaintiff recieved table salt from other inmates But it was no remedy for the pain he was in, the Plaintiff was in pain for two days as a result of inadequate medical care at

the champaign county correctional center

45. On the date of 3-23-20 the Plaintiffs Left side of his face began to swell resulting in migraine's and dizzieness. when it was time for inmates to come out of their cells and go into the dayroom Plaintiff could not get out of bed let alone sit on the stairs of the dayroom for five hours until shift change correctional officers saw that he was in pain recognized that he could barely stand and locked him down and gave him bags of ice so he could rest while the swelling went down. at around 1:30 pm. Plaintiff was finally given a small dose of Ibuprofen and two packets of benzocane oral pain reliever that merely temporarily numbed his pain, shortly after the Plaintiff recieved a class four Major Disciplinary report for refusing to obey Jail employee. Plaintiff

appealed the report stating how he had filed two medical care request forms stating that he was in pain two days. Prior and did not recieved any medical attention and did not feel that he should be punished as a result of inadequate medical care.

## VII  Prayer for Relief

46. Plaintiff request an order declaring that the defendants have acted in violation of the united States constitution.

47. Plaintiffs request an injunction compelling defendants to chang rules regarding indigant inmates, Provide a grievance response time limit and humane living conditions.

48. Plaintiffs request $500,000 as punitive damages.

49. Plaintiffs request $800,000 as compensatory damages.

Signed this 25 day of March, 2020


_____
Dakir Pickers

Plaintiff's name


I declare under penalty of perjury that the foregoig
is true and correct.


_____
Plaintiffs signature


3-25-20
_____
Date

17