UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DAKIR PICKENS,  )  | |
|    Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 2:20-cv-02079-JES |
| ) | |
| DIANE MARTIN, et al.,  ) | |
|    Defendants.  ) | |

**ORDER**

**JAMES E. SHADID, United States District Judge:**

Plaintiff *pro se* Dakir Pickens, who is presently detained at the Champaign County Jail ("Jail"), filed a complaint [1] under 42 U.S.C. § 1983, generally claiming that Jail conditions were deficient in several respects. After merit review screening, the Court concluded that Plaintiff stated a plausible Fourteenth Amendment claim against Defendant Dustin Heuerman, the Champaign County Sheriff, for the conditions of confinement Plaintiff described and Defendant Joshua Jones, a sergeant, for denying Plaintiff drinking water.

Before the Court are Plaintiff's motions for leave to file an amended complaint [18], for recruitment of counsel [12], and preprinted forms [8]. Defendants have also filed a motion for an extension of time [19] to file a motion for summary judgment on the issue of exhaustion.

**I. MERIT REVIEW ON PLAINTIFF'S AMENDED COMPLAINT**

Title 28 U.S.C. § 1915A requires the Court to "screen" Plaintiff's amended complaint, and through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

such relief." 28 U.S.C. § 1915A. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff amended complaint seeks to add the following five Jail officials to the instant case: Lieutenants Robert Craven, Josh Sapp, Ryan Snyder; Jail Deputy Hibbs; and Program Coordinator Celeste Blodgett.

Consistent with his initial complaint, Plaintiff's amended complaint concerns his confinement "to inhumane living conditions." (ECF 18-1: p. 7:15.) In particular, Plaintiff claims that Jail conditions are deficient in the following manner: (1) vermin infestation; (2) poor air, lighting, and water quality; (3) inadequate fire safety and prevention guidelines, (4) no outdoor recreation, and (5) a lack of nutritious meals. Despite Plaintiff's claims, the allegations Plaintiff raises against Defendants Blodgett, Cravens. Hibbs, Sapp, and Snyder concern their respective responses to grievances Plaintiff filed about those conditions. Plaintiff essentially alleges that Defendants nonresponsive (*id*. pp. 8:18; 10:22) or incorrect (*id*. pp. 9:20; 11:23; 14:27; 16:28) answers to his grievances about his living conditions were objectively unreasonable.

However, "[o]nly persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[T]he mishandling of [an inmate's] 'grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.'" *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (quoting *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011)).

"Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). "And the failure to follow a state's inmate grievance procedures is not a federal due-process violation." *Id.*; *see also Owens*, 635 F.3d at 953 ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Therefore, the Court concludes that Plaintiff fails to state a plausible claim against Defendants Blodgett, Cravens. Hibbs, Sapp, and Snyder.

In his amended complaint, Plaintiff acknowledged that his filing would supersede his initial complaint. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (concluding that an amended complaint replaces all prior complaints in their entirety, and therefore, an initial complaint does not revive a claim that was dropped in the amended complaint); *see also Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed . . . it became the governing document in the case and any allegations . . . not brought forward fell by the wayside.").

Plaintiff alleged in his initial complaint that Defendant Jones deprived him of drinking water for two weeks, which this Court found stated a constitutional violation. Plaintiff's amended complaint does not revive that claim. Instead, Plaintiff alleges that on January 30, 2020, Jones denied him drinking water for four and one-half hours. The Court concludes that water deprivation for this timeframe without more does not state a constitutional violation. *See Williams v. Collins*, No. 14 C 5275, 2015 WL 4572311, at *4 (N.D. Ill. July 29, 2015) ("[A]

detainee's lack of drinking water may be so temporary that it constitutes only a *de minimis* imposition unworthy of Section 1983 relief.") (citing *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (holding a disabled inmate's allegations that he was denied assistance in "obtaining drinking water" for "less than two full days" was *de minimis* and did not state a claim for relief)). Plaintiff's amendment renews his claim that Defendant Heuerman possessed knowledge of the Jail's substandard conditions, which the Court concludes states a plausible Fourteenth Amendment claim.

## II. REMAINING MOTIONS

In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denied Plaintiff's initial motion to recruit counsel because he did not demonstrate that he attempted to hire counsel (9: p. 5.) The Court instructed Plaintiff to show that he satisfied his threshold burden by attaching responses received to his solicitations. The Court denies Plaintiff's current motion for counsel because he has not fulfilled this obligation. Plaintiff has also filed a motion for "eight copies of order to show cause and temporary restraining order forms." (8: p. 1.) The Court denies Plaintiff's request because such preprinted forms do not exist.

The Court grants Defendant Heuerman's motion for an extension of time to file a motion for summary judgment on the issue of exhaustion. Due to Plaintiff's motion for leave to file an amended complaint, the Court *sua sponte* sets January 4, 2021, as the deadline for Heuerman to

submit his affirmative defense. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("Because a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses."

**IT IS THEREFORE ORDERED:**

1) **The Court GRANTS Plaintiff's motion for leave to file an amended complaint [18] and directs the Clerk of the Court to docket Plaintiff's amended complaint.**

2) **Pursuant to its merit review of Plaintiff's amended complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff filing states a Fourteenth Amendment conditions of confinement claim against Defendant Heuerman. Plaintiff's claim proceeds against Heuerman in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Court directs the Clerk of the Court to terminate Joshua Jones as a Defendant.**

4) **The Court DENIES Plaintiff's motions for forms [8] and recruitment of counsel [12] for the reasons stated.**

5) **The Court GRANTS Defendant Heuerman's motion for extension of time [19]. Heuerman has up to and including January 4, 2021, to file a motion for summary judgment regarding exhaustion of administrative remedies.**

ENTERED December 3, 2020.

s/ James E. Shadid
_____
**JAMES E. SHADID**
**UNITED STATES DISTRICT JUDGE**